NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAWN MARIE GUEVARA, AKA Dawn Marie Owen,

Defendant - Appellant.

No. 24-5722

D.C. No.
1:19-cr-00001-SPW-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted October 22, 2025
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Dawn Marie Guevara appeals her conviction for one count of Conspiracy to

Possess With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §

846. Guevara challenges the admission at trial of certain evidence. Because the

parties are familiar with the facts, we do not recite them here. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

pursuant to 28 U.S.C. § 1291, and we affirm.

Guevara's challenges involve alleged evidentiary errors (the admission of oral testimony of agents summarizing historical postal records and border crossing data) and an alleged Confrontation Clause violation arising from a postal inspector's testimony about his conversation with a technical surveillance specialist who helped him obtain two postal surveillance videos. "[W]e review de novo the district court's interpretation of the Federal Rules of Evidence, but once we determine that the evidence does fall within the given rule, we review the district court's decision to admit it for abuse of discretion." *United States v. Lopez*, 762 F.3d 852, 859 (9th Cir. 2014). "We review alleged violations of the Confrontation Clause de novo." *United States v. Brooks*, 772 F.3d 1161, 1167 (9th Cir. 2014). "[W]e apply the harmless error standard for nonconstitutional error" and "must reverse unless there is a 'fair assurance' of harmlessness, or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (citation omitted). "This standard requires that the Government show a 'fair assurance' that the verdict was not substantially swayed by error." *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). "When the district court admits evidence in violation of the Confrontation Clause, we must reverse the conviction unless the government can show that the error was harmless beyond a reasonable

doubt." *United States v. Morales*, 720 F.3d 1194, 1199 (9th Cir. 2013).

Any error in admitting the challenged testimony was harmless because there was overwhelming evidence of Guevara's guilt. The government's extensive evidence included the testimony of three witnesses describing seven controlled buys, text messages between Guevara and an undercover agent, text messages between Guevara and a cooperating witness, and a recorded phone call between Guevara and an undercover agent. The alleged errors pertain to the admission of border crossing data, postal records, and videos that were not necessary to secure Guevara's conviction.

**AFFIRMED.**